UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

ERIC DESHAWN DAVIS,

 Petitioner,

v.

BEN CURRY,

 Respondent.

NO. CV-08-870-RHW

**ORDER DENYING HABEAS PETITION**

 Before the court is Petitioner's Petition under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody (Ct. Rec. 1).

 On September 29, 2005, a complaint was filed in the Sacramento County Superior Court, charging Petitioner with, in count 1, Infliction of Corporal Injury on a Spouse Resulting in a Traumatic Condition, in violation of Cal. Penal Code § 273.5(a)[1] and, in count 2, Felony Removal of a Telephone Line, in violation of Cal. Penal Code § 591. The complaint further alleged in count 1 that Petitioner had a prior section 273.5 conviction, and that he had a prior strike for robbery.

---

[1] (a)Any person who willfully inflicts upon a person who is his or her spouse, former spouse, cohabitant, former cohabitant, or the mother or father of his or her child, corporal injury resulting in a traumatic condition, is guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment.

**ORDER DENYING HABEAS PETITION ~ 1**

|1| On December 6, 2005, the jury found Petitioner guilty by a jury of Count 1, and found true that he had a prior § 273.5 conviction. It found Petitioner not guilty of Count 2. At trial, and outside the presence of the jury, Petitioner admitted to the prior strike.

On January 20, 2006, the court sentenced Petitioner to a total of ten years, which is double the upper term.[2] It applied Rule of Court 4.421(b)(4) and found that Defendant was on probation when the crime was committed[3] and also found that Petitioner committed the crime in the presence of a child.[4] Finally, the court declined to disregard the previous strike.[5]

---

[2] (e)(1) Any person convicted of violating this section for acts occurring within seven years of a previous conviction under subdivision (a), or subdivision (d) of Section 243, or Section 243.4, 244, 244.5, or 245, shall be punished by imprisonment in a county jail for not more than one year, or by imprisonment in the state prison for two, four, or five years, or by both imprisonment and a fine of up to ten thousand dollars ($10,000). Cal. Penal Code § 273.5.

[3] Cal. Rules of Court, Rule 4.421(b)(4) provides that circumstances in aggravation include that defendant was on probation or parole when the crime was committed. See also Cal. Penal Code § 1170(b) ("When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime.").

[4] Under Cal. Penal Code § 1170.76, the presence of a child is an aggravating factor.

[5] Pursuant to Cal. Penal Code § 667(a)(1) any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the

**ORDER DENYING HABEAS PETITION ~ 2**

On July 2, 2007, the California Court of Appeals affirmed the judgment, and on September 19, 2007, the California Supreme Court denied Petitioner's Petition for Review.

On April 4, 2008, Petitioner filed his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, alleging that his sentence imposed was in violation of his constitutional rights. Specifically, Petitioner alleges that the trial court erred when it imposed a sentence more than the middle term, and abused its discretion when it refused to strike the prior conviction.

Because Petitioner is not making a claim based on the sufficiency of the evidence or challenging his conviction on substantive grounds, it is not necessary to present the underlying conduct that is the basis for Petitioner's conviction.

## STANDARD OF REVIEW

Petitioner's Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, habeas relief may be granted only upon a finding that the last reasoned state court decision rejecting Petitioner's claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding." 28 U.S.C. § 2254(d)

///
///
///

## ANALYSIS

---

present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. See also Cal. Penal Code § 1170.12.

**ORDER DENYING HABEAS PETITION** ~ 3

**1.    Apprendi violation**

Petitioner argues that his Sixth and Fourteenth Amendment rights were violated when the judge on his own, without a jury determination or waiver of the right to a jury, sentenced Petitioner to the upper term.

In his direct appeal, Petitioner argued that the imposition of the upper term for corporal injury violated the Sixth Amendment as interpreted in Apprendi v. New Jersey[6] and Blakely v. Washington.[7] The California Court of Appeals ruled that Petitioner's claim failed on the merits, noting that the trial court specifically cited as the sole basis for imposing the upper term was that Petitioner was on probation when the crime was committed.[8] Specifically, the Court of Appeals noted,

> the Sixth Amendment jury trial guarantee does not apply to prior convictions that are used to impose greater punishment. That exception applies also to 'an issue of recidivism which enhances a sentence and is unrelated to an element of a crime.' For example, the trial court may determine and rely on the defendant's probation or parole status to impose the upper term.

(Lodge Doc. 3).

The decision of the California Court of Appeals is not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. See Kessee v. Mendoza-Powers, 574 F.3d 675, 677 (9th Cir. 2009). In that case, the Ninth Circuit noted that while its precedent has provided a narrow interpretation of the "prior conviction" exception, see Butler v. Curry, 528 F.3d 624 (9th Cir. 2008), this holding is in conflict with the holdings of several of its sister circuits. Kessee, 574 F.3d at 678. Specifically, the Circuit noted:

---

[6] 530 U.S. 466 (2000).

[7] 542 U.S. 296 (2004).

[8] The California Court of Appeals opinion on direct appeal is the last reasoned decision on the constitutionality of the upper term, and it is presumed that the California Supreme Court denied this claim for the reasons addressed in that opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991).

**ORDER DENYING HABEAS PETITION ~ 4**

> [f]or purposes of AEDPA review, however, a state court's determination that is consistent with many sister circuits' interpretations of Supreme Court precedent, even if inconsistent with our own view, is unlikely to be "contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."

Id.

The facts in *Kessee* mirror the case at bar. In that case, the defendant was convicted of several crimes in California state court. *Id.* at 676. The sentencing judge made factual findings that increased the statutory maximum penalty under California's determinate sentencing law. *Id.* On direct appeal, the California Court of Appeals affirmed the sentence, holding that the sentencing judge's finding that the defendant had committed crimes while on probation fell within the "prior conviction" exception. *Id.* The Circuit ultimately held that the state court's interpretation was not contrary to, or involved an unreasonable application of, Supreme Court precedent. *Id.* at 679.

Thus, consistent with the holding in *Kessee*, the Court finds that because the Supreme Court has not given explicit direction and because the state court's interpretation is consistent with many other courts' interpretations, the state court's interpretation was not contrary to, or involved an unreasonable application of, Supreme Court precedent. As such, Petitioner's first claim fails.

### 2. Failure of Trial Court to Strike Prior Strike

Petitioner argues that the trial court erred in failing to state the reason for its decision to dismiss or not to dismiss a strike.

Respondents argue that this claim was never presented to the California courts on direct appeal, or on habeas review, and therefore it is unexhausted. Rather than rule on the exhaustion issue, Respondents ask the Court to find instead that Petitioner fails to allege a deprivation of a federal right.

The Court disagrees that Petitioner failed to present this claim to the state courts. Petitioner did argue to the Court of Appeals that the trial court erred by failing to adequately articulate its reasons for denying his motion to strike. The

**ORDER DENYING HABEAS PETITION ~ 5**

Court of Appeals concluded that Petitioner forfeited his claim by failing to raise it at trial and concluded that the claim failed on the merits.

Nevertheless, Petitioner's second claim fails. During the trial and outside the presence of the jury, Petitioner admitted to having a prior conviction for robbery. Pursuant to Cal. Penal Code § 1385(a), trial courts retain the discretion to strike allegations of prior felonies for the purposes of determining whether an enhanced sentence should apply. To prevail on his claim, Petitioner must establish that the trial court's decision was so arbitrary that it violated due process. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner has failed to make a showing of "fundamental unfairness." Thus, his claim only involves the interpretation of state sentencing law, and therefore does not justify habeas relief. *See Christian v. Rhodes*, 41 F.3d 461, 469 (9th Cir. 1994) (holding that absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify habeas relief).

Accordingly, **IT IS HEREBY ORDERED:**

1. Petition under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody (Ct. Rec. 1) is **DENIED**.

2. The District Court Executive is directed to enter judgment in favor of Respondent and against Petitioner.

3. The Court declines to issue a Certificate of Appealability.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and petitioner, and **close the file**.

**DATED** this 3rd day of February, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

**ORDER DENYING HABEAS PETITION ~ 6**